IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**RICHARD MUELLER,**

        **Plaintiff,**

vs.                                                                               No. CIV 01-1284 LCS/JHG

**NEW MEXICO STATE UNIVERSITY,**
**BOARD OF REGENTS OF NEW MEXICO**
**STATE UNIVERSITY, EVELYN COCKERHAM,**
**individually and in her official capacity as Deli**
**Manager of NMSU-Alamogordo, and**
**BRAD SHELTON, in his official capacity as**
**Assistant Campus Director for Business of**
**NMSU-Alamogordo**

        **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendants' Motion to Dismiss filed January 28, 2002 (*Doc. 12*). The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered the pleadings, briefs, relevant law, and being otherwise fully advised, finds that this Motion is well-taken and should be **GRANTED**.

## I. BACKGROUND

Plaintiff was employed as a deli operator on the New Mexico State University (NMSU), Alamogordo Campus. *See* Compl. ¶ 3. During the time Mr. Mueller was employed at the deli, Defendant Evelyn Cockerman was his manager and Brad Shelton was the Assistant Campus Director of Business. *See* Compl. ¶¶ 3-5. During the course of his employment at NMSU, Mr. Mueller discovered that a large amount of sandwich meat stored in the deli's refrigerator had "turned rancid." *See* Compl. ¶ 7. Plaintiff discussed this problem with Ms. Cockerham. *See* Compl. ¶ 9.

The Plaintiff alleges that Ms. Cockerham instructed him not to discard the meat, but to serve

the meat to customers. *See* Compl. ¶ 10. Mr. Mueller then claims that he reported the use of the meat to one of Ms. Cockerham's superiors. *See* Compl. ¶ 11. In addition, he reported that "Ms. Cockerham had served cookies that were several months old and old taco meat that could not safely be served." *See* Compl. ¶ 12. Within two weeks of the time Mr. Mueller reported Ms. Cockerham's use of the spoiled food at the deli, his employment was terminated. *See* Compl. ¶ 14.

On November 13, 2001, Plaintiff filed this action, alleging he was discharged in retaliation for speaking out on a matter of public concern in violation of his First Amendment rights under 42 U.S.C. § 1983.[1]

On January 8, 2002, the Defendants filed their Motion to Dismiss, arguing that Defendants NMSU, Board of Regents and the individual Defendants in their official capacity are immune from suit under 42 U.S.C. §1983; and that the complaint makes no allegations that Defendants Cockerham or Shelton, in their individual capacity, violated his constitutional rights.

## II. STANDARD FOR DISMISSAL UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)

A case should not be dismissed under FED. R. CIV. P. 12(b)(6) unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F.3d

---

[1] The Defendants argue that the Plaintiff's claims pursuant to the New Mexico Tort Claims Act for retaliatory discharge and his claims brought under the New Mexico Constitution should be dismissed. After reading the complaint, I find that the Plaintiff's allegations do not include such claims. In addition, the Plaintiff has conceded that he is not entitled to bring state tort claims against the Defendants. *See* Res. at 3. Therefore, I will not consider these arguments.

1226, 1236 (10th Cir.1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F.3d 1150, 1152 (10th Cir. 1998).

## III. ANALYSIS

Mueller contends that his First Amendment rights were violated when "NMSU took adverse action against him by terminating him based on his action of speaking out on a matter of public concern and reporting Ms. Cockerham's unsafe food handling practices." Compl. ¶ 14. Although the complaint does not specifically state, the court presumes that these claims are brought under 42 U. S. C. § 1983. In addition, the complaint caption states the following: New Mexico State University, Board of Regents, New Mexico State University, Evelyn Cockerham, individually and in her official capacity as deli Manager of NMSU-Alamogordo, and Brad Shelton, in his official capacity as Assistant campus director for business of NMSU-Alamogordo.

### A. Are Defendants entitled to Eleventh Amendment Immunity?

In their motion to dismiss, Defendants NMSU, the Board of Regents and the individual Defendants in their official capacity argue that they enjoy Eleventh Amendment protection from suit in federal court. Under the Eleventh Amendment, an unconsenting State is immune from suit in federal court. *See Edelman v. Jordan*, 415 U. S. 651, 663 (1974).

Eleventh Amendment immunity extends to the state, its instrumentalities, and its officers in their official capacities. *See Meade v. Grubbs*, 841 F. 2d 1512, 1525 (10th Cir. 1988). Whether an agency is protected by the Eleventh Amendment turns on whether the entity is to be treated as an arm of the State partaking of the State's Eleventh Amendment immunity. *See id.* (*quoting Mount*

3

*Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U. S. 274, 280 (1977)). Such a determination is made by examining the powers, nature and characteristics of the agency under state law. *See id.*

To ascertain whether the Defendants are eligible for Eleventh Amendment immunity, the Court engages in a two-part inquiry: (1) what degree of autonomy is given to the agency, as determined by the characterization of the agency by state law and the extent of guidance and control exercised by the state; and (2) to what extent does the agency rely on funding from the state treasury as opposed to independent funding. *See V-1 Oil Co. v. Utah State Dep't of Pub. Safety*, 131 F. 3d 1415, 1420 n. 1 (10th Cir. 1997)(*quoting Haldeman v. Wyoming Farm Loan Bd.*, 32 F.3d 469, 473 (10th Cir.1994)). Thus, a determination may only be made after considering the provisions of state law that define the agency's character even though the applicability of the Eleventh Amendment is a question of federal law. *See Regents of the Univ. of Cal. v. Doe*, 519 U. S. 425, 430 n. 5 (1997).

With respect to the first part of the inquiry, New Mexico State University is one of those institutions of higher learning created by the New Mexico Constitution, Article XII, Section 11. Section 11-4-2.1 of the New Mexico Statutes Annotated, 1953 Comp., defines state agency as follows:

> State agency means any department, institution, board, bureau, commission, district or committee of government of the state of New Mexico and means every office or officer of any of the above. The operation and management of the school is vested by statute in a board of regents which is a corporate body charged with the complete management of the school, with the right to sue and be sued. N.M.S.A., s 73-27-4, 1953 Comp. The school's budget is subject to the review and adjustment by the statutory board of educational finance and payable from the state treasury. N.M.S.A., s 73-29-15, 1953 Comp.

4

In addition, on at least three separate occasions, the Tenth Circuit Court of Appeals has found that the Boards of Regents of three state universities were arms of the state for purposes of Eleventh Amendment immunity. *See e.g., Mascheroni v. Board of Regents of the Univ. of Cal.*, 28 F. 3d 1554, 1559 (10th Cir. 1994) (concluding that the Board of Regents is clothed with Eleventh Amendment immunity); *see also Seibert v. University of Okla. Health and Sciences Ctr.*, 867 F. 2d 591, 594 (10th Cir. 1989) (finding that the Board of Regents of the University of Oklahoma is an arm of the state); and *Korgich v. Regents of N. M. Sch. of Mines*, 582 F. 2d 549, 551-52 (10th Cir. 1978) (holding that the Board of Regents is an arm of the state for Eleventh Amendment immunity). The *Korgich* court observed that New Mexico considers its institutions of higher learning as state agencies with a state function. *See Korgich*, 582 F. 2d at 551.

Regarding the second part of the inquiry, state universities rely extensively on appropriations from the state in order to fund their educational and extracurricular programs. *See, e.g.*, General Appropriation Act of 1998, 1998 Adv. Legis. Serv. ch. 116, § 4 (setting forth appropriations for the 1999 fiscal year). Therefore, I have no doubt that NMSU, the Board of Regents, and the individual Defendants in their official capacity are "arms of the state," entitled to Eleventh Amendment immunity. *See Korgich*, 582 F.2d 549; *see also Watson v. University of Utah Med. Ctr.*, 75 F.3d 569, 575 (10th Cir.1996) ("[o]ur cases have consistently found state universities are arms of the state."); and *McCarthy v. Board of Regents of New Mexico State University et al.*, No. CIV 97-1480 BB/RLP (D.N.M. December 18, 1997). Moreover, neither a State nor a state actor acting in his official capacity is a "person" subject to liability for monetary damages under 42 U. S. C. §1983. *See Will v. Michigan Department of State*, 491 U.S. 57 (1989).

Mueller argues that the Eleventh Amendment does not apply to suits brought against the state in federal court. *See* Pl. Brief at 2. He claims the principle set forth in *Will v. Michigan Department of State*, disallows a state from being sued in its *own* courts without consent. Thus, a state can be sued in federal court. However, the law is clearly established that a state is afforded Eleventh Amendment immunity in *federal court*. *See* U.S. CONST. amend. XI; *See also Edelman v. Jordan*, 415 U. S. 651, 662-63 (1974) (a state's immunity from suit in *federal court* under the Eleventh Amendment extends to claims brought by its own citizens.).

The Eleventh Amendment does not explicitly prohibit lawsuits by a state's own citizens, but the United States Supreme Court "has consistently held that an unconsenting State is immune from suits brought in *federal courts* by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-663 (1974) (emphasis added). Thus, "for over a century now, [the Supreme Court has] made clear that the Constitution does not provide for federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Bd. of Regents*, 528 U.S. 62, 73 (2000) (citing *College Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666 (1999); *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44 (1996)). Therefore, absent waiver, neither a State, nor agencies under its control may be subjected to lawsuits in federal court. *See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993); *and Welch v. Texas Dep't of Highways and Public Transp.*, 483 U.S. 468, 473, (1987).

Mueller also argues that, assuming the Eleventh Amendment applies to cases in federal court, the "Defendants fail to cite any authority for the proposition that NMSU or the Board of Regents is 'the State.'" *See* Pl. Brief at 2. The Plaintiff supports this argument with several cases.

However, the cases cited in the Plaintiff's Brief either uphold the district court's grant of immunity to similar state actors or are completely distinguishable from the present case.[2] Furthermore, the Plaintiff concedes the Defendants were state actors by stating within his complaint that the "Defendant acted under color of state law." *See* Compl. ¶ 16. Thus, Mueller's § 1983 claims should be dismissed under FED. R. CIV. P. 12(b)(6) because Defendants NMSU, the Board of Regents, and the individual Defendants Cockerham and Shelton in their official capacities are all considered "arms of the state" and consequently entitled to Eleventh Amendment immunity.

### B. Has Plaintiff stated claims against Defendants Cockerham and Shelton?

Lastly, the Defendants argue the Plaintiff makes no allegations that Defendants Cockerham or Shelton violated his constitutional rights. The Court agrees with the Defendants in that the complaint fails to make any allegation that *any person* subjected Mueller to the deprivation of any rights pursuant to 42 U.C.S. §1983. The complaint does in fact allege that Mueller was fired as a result of speaking out on a matter of public concern, however, it does not link either one of these individual Defendants to this adverse action. Therefore, I find that the Plaintiff's claims against Defendants Cockerham and Shelton are insufficient to survive a motion

---

[2] In *Watson v. University of Utah Medical Center*, 75 F.3d 569 (10th Cir. 1996), the Court upheld the district court's grant of immunity with respect to the Medical Center and its grant of *qualified immunity* with respect to the individual defendants. However, the Court found the Plaintiff sufficiently met her burden to show that the individual defendants' actions violated her liberty interest. In *Clinger v. New Mexico Highlands University*, 215 F.3d 1162 (10th Cir. 2000), neither the parties or the court raised the issue of Eleventh Amendment immunity. In *Trotter v. Regents of the University of New Mexico*, 219 F.3d 1179 (10th Cir. 2000), the Circuit analyzed the appeal of a qualified immunity issue and eventually affirmed the district court's dismissal. In *Tonkovich v. Kansas Bd. of Regents*, 159 F.3d 504 (10th Cir. 1998), again the Circuit entertained only the issue of qualified immunity and upheld the district court's grant of Eleventh Amendment immunity with respect to the School. In *Yvonne L. v. New Mexico Department of Human Services*, 959 F.2d 883 (10th Cir. 1992), the only issue on appeal was the issue of qualified immunity.

to dismiss.[3] However, I find the Plaintiff should be given the opportunity to file an amended complaint in order to clarify the extent of any individual Defendant's culpability.

**IT IS HEREBY ORDERED** that all claims against Defendants NMSU, Board of Regents, and Defendants Cockerham and Shelton, in their official capacities are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Motion to Dismiss is **GRANTED** with respect to all claims against individual Defendants Cockerham and Shelton. Plaintiff may file his first amended complaint with the court to clarify the allegations made against any individual Defendant and to make any other allegations as he sees fit.

**IT IS FURTHER ORDERED** that the first amended complaint must be filed with the Court no later than **APRIL 10, 2002. FAILURE TO FILE THE FIRST AMENDED COMPLAINT BY APRIL 10, 2002 WILL RESULT IN A DISMISSAL OF THE ENTIRE COMPLAINT WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] In addition, the Plaintiff fails to claim damages against individual Defendant Shelton in his individual capacity.